IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11432
Conference Calendar
_____


KIERON DEREK PENIGAR,

                                        Plaintiff-Appellant,

versus

WILLIAM BARDIN, Captain; KIMBERLY SIMMONS;
SUSAN L. SCHUMACHER; MARIO V. SANCHEZ, Sergeant;
BOCEPHOUS MCDANIELS, Correctional Officer III,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-195
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Kieron Derek Penigar, Texas state prisoner #721657, appeals
the dismissal of his 42 U.S.C. § 1983 complaint for failure to
state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Penigar
seeks damages and declaratory relief and argues that he did not
receive a fair disciplinary hearing or appeal.  As a result of
the disciplinary conviction, Penigar was placed on 15 days
recreation restriction and 30 days commissary restriction, and he
was ordered to pay for the damage to the property.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 485 (1995). The loss of recreation and commissary privileges do not implicate any due process concerns. See Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997).

Penigar's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of this appeal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Penigar that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.